UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| FREDDIE B. ARNOLD, JR. and ) | |
| VALICIENNE A. ARNOLD, ) | |
| ) | Chapter 13 |
| Debtors. ) | |
| ) | Case No.: 16-16456 |
| ) | Honorable Jack B. Schmetterer |
| ) | |
| THE BOARD OF EDUCATION OF ) | Adv. No.: 16-00528 |
| THE CITY OF CHICAGO, ) | |
| ) | **COMPLAINT FOR:** |
| Plaintiff, ) | |
| ) | **NONDISCHARGEABILITY OF** |
| v. ) | **DEBT PURSUANT TO 11 U.S.C.** |
| ) | **§523(a)(2)(A)** |
| FREDDIE B. ARNOLD, JR. and ) | |
| VALICIENNE A. ARNOLD, ) | |
| Defendants. ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On Plaintiff's (the Board of Education of the City of Chicago's) Motion for Entry of Default and for Default Judgment against Defendants, Freddie B. Arnold, Jr. and Valicienne A. Arnold, the Court makes and enters the following Findings of Fact and Conclusions of Law:

1. Pursuant to 28 U.S.C. § 1334(a) and (b), federal district courts have jurisdiction over all civil proceedings arising under title 11 of the United States Code (the "Bankruptcy Code"), or arising in or relating to cases under title 11.

2. District Courts may refer these cases to the bankruptcy judges for their district. 28 U.S.C. § 157(a). In accordance with §157(a), the District Court for the Northern District of Illinois has referred all of its bankruptcy cases to the Bankruptcy Court for the Northern District of Illinois. N.D. Ill. Internal Operating Procedure 15(a).

3. This adversary proceeding seeks to determine the dischargeability of a debt which may only arise in a case under title 11. This proceeding therefore "arises in and is related to" a

1

chapter 11 bankruptcy case. Subject matter jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1334(b).

4. Because this adversary proceeding "arises in and is related to" the underlying title 11 bankruptcy case of Defendants, venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

5. A proceeding to determine the dischargeability of a debt is a specified "core proceeding" under 28 U.S.C. §§157(b)(2)(I).

6. This Court has the authority to enter judgment pursuant to Rule 55 in this proceeding.

7. On May 16, 2016, Defendants filed a voluntary, joint petition for relief under the provisions of Chapter 13 of the United Stated Bankruptcy Code which was assigned case # 16-16456.

8. On August 15, 2016, Plaintiff timely filed its Adversary Complaint.

9. Summons was issued by the Court on August 15, 2016.

10. Service of the Summons and Adversary Complaint was obtained on Defendants' attorney electronically, on August 15, 2016, via email delivered to the email address on file with the Court. Service was obtained on Defendants/Joint Debtors at their principal place of residence via certified mail, return receipt requested on August 18, 2016. See Certificate of Service for "Summons Service Executed" filed October 14, 2016, and attached as an Exhibit hereto.

11. More than thirty days (30) days have elapsed since the Summons was issued and more than twenty one days (21) days have elapsed since Defendants were served.

12. Defendants have failed to plead, deny or otherwise defend against the allegations contained in the Adversary Complaint. See Attorney Affidavit attached as Exhibit D to Plaintiff's Motion For Entry of Default and For Default Judgment.

13. A default shall be entered against Defendants Freddie B. Arnold, Jr., and Valicienne A. Arnold, pursuant to F.R. Civ. P. 55(a), as incorporated by F.R. Bankr. P. 7055.

14. Pursuant to F.R. Civ. P. 8(b)(6) as incorporated by F.R. Bankr. P. 7008, the allegations contained in the Adversary Complaint are deemed admitted and taken as confessed, Defendants having failed to deny those allegations or file an answer or otherwise plead.

15. Defendants are the parents of three minor children, two of whom were admitted into, and attended, a Chicago Public Schools selective enrollment school. See Adversary Complaint at paragraph 9.

2

16. Defendant's oldest child attended a Chicago Public Schools selective enrollment school during the 2011-12 through 2014-2015 school years, and one of their younger children attended the same Chicago Public Schools selective enrollment school during the 2014-2015 school year. See Adversary Complaint at paragraph 10.

17. During the 2011-12 through 2014-2015 school years when their children were enrolled in the Chicago Public Schools selective enrollment school, Defendants falsely represented that they and their minor children were residents of the City of Chicago. See Adversary Complaint at paragraph 29.

18. At the time Defendants' children were enrolled in the Chicago Public Schools, Defendants and their children in fact resided at an address outside the City of Chicago, in suburban South Holland, Illinois. See Adversary Complaint at paragraph 30.

19. Defendants knew their representations regarding their and their children's residency were false at the time that they made them. See Adversary Complaint at paragraph 31.

20. Defendants made their false representations regarding their residency with the intent to deceive Plaintiff. See Adversary Complaint at paragraph 32.

21. Plaintiff justifiably relied upon Defendants' false statements and representations regarding their and their children's residency when approving their enrollment in the Chicago Public Schools selective enrollment school without requiring the payment of tuition. See Adversary Complaint at paragraph 33.

22. Pursuant to the Illinois School Code at §105 ILCS 5/10-20.12b *et. seq.*, only resident pupils of a school district may attend the schools of that district without the payment of tuition.

23. The School Code at §105 ILCS 5/10-20.12a contains a formula to be used by school districts for calculating the amount of tuition they may charge custodial parents for non-resident tuition.

24. Defendants owe Plaintiff non-resident tuition in the amount of $60,494.32 as calculated pursuant to the non-resident tuition provisions contained in the School Code at §105 ILCS 5/10-20.12a. See Adversary Complaint at paragraph 35.

25. The amount of the debt in question is therefore a sum certain, set by Illinois State Statute and made certain by computation as provided in F.R. Civ. P. 55(b), as incorporated by F.R. Bankr. P. 7055.

26. Pursuant to F.R. Civ. P. 55(b), as incorporated by F.R. Bankr. P. 7055, the Court hereby enters default judgment in favor of Plaintiff and against Defendants for non-resident tuition debt totaling $60,494.32 owed by Defendants to Plaintiff.

27. Plaintiff has alleged that the debt in question is nondischargeable under §523(a)(2)(A), because the debt was obtained by false pretenses, false representation or actual fraud. See Adversary Complaint at paragraph 37.

28. To except a debt from discharge under §523(a)(2)(A) based on false pretenses, a false representation or actual fraud, a creditor must establish: (1) that the debtor made a false representation or omission of fact; (2) which the debtor (a) knew was false or made with reckless disregard for its truth, and (b) which was made with an intent to deceive; and (3) upon which the creditor justifiably relied. . Reeves v. Davis, 638 F.3d 549, 553 (7th Cir. 2011); see also Ojeda v. Goldberg, 599 F.3d 712, 716-17 (7th Cir. 2010).

29. Plaintiff has alleged each of the elements required to establish that the debt in question is non-dischargeable pursuant to §523(a)(2)(A). See Adversary Complaint at paragraphs 29 through 33.

30. Pursuant to F.R. Civ. P. 8(b)(6) as incorporated by F.R. Bankr. P. 7008, the allegations contained in the Adversary Complaint are taken as confessed.

31. The findings and conclusions contained in paragraphs 15 through 21 herein establish that the debt in question is non-dischargeable under §523(a)(2)(A), the debt having been obtained by false pretenses, a false representation or actual fraud.

32. Pursuant to F.R. Civ. P. 54(b), as incorporated by F.R. Bankr. P. 7054, Plaintiff is entitled to be awarded its costs in bringing this action in the amount of $350.00.

Enter:

Respectfully Submitted,
/s/ David A. Bonoma
DAVID A. BONOMA
Attorney for Adversary Plaintiff
THE BOARD OF EDUCATION OF
THE CITY OF CHICAGO

18 NOV 2016

Linebarger Goggan Blair & Sampson, LLP
233 S. Wacker Dr., Ste. 4030
Chicago, IL 60606
(312) 526-1203
david.bonoma@lgbs.com

4